P. ULLENDORFF, *Appellant, v.* MARY J. GRAHAM *et al., Appellees.*

## Opinion Filed December 16, 1920.

1. A deed conveying land to a named grantee, and deposited with a third person, to be by him delivered to the grantee upon the performance by the grantee of stated conditions of purchase, is an escrow.

2. After the deposit of an instrument with the escrow holder, the grantor has no control over it, unless the grantee defaults in complying with the conditions of the escrow.

3. An escrow holder is in effect a trustee of both parties charged with the performance of an express trust governed by the escrow agreement, which agreement is not required to be in writing, there being a deposit of the escrow paper.

4. When a grantee named in a deed of conveyance has complied with all the conditions of an escrow agreement, he is entitled to have the escrow instrument delivered to him; and upon refusal of the escrow holder to so deliver he may be compelled to do so.

5. Where third parties contracted for land with knowledge of an escrow transaction, covering the land, their claims may be cancelled in appropriate proceedings.

An Appeal from the Circuit Court for Dade County.

Order reversed.

*Gramling & Clarkson,* for Appellant;

*M. S. Bobst,* for Appellees.

WHITFIELD, J.—This suit was brought by P. Ullendorff

against Mary J. Graham, Belle F. Neil, Rose Connett, Virginia Neil Connett and G. C. McClure. The amended bill of complaint alleges in substance that Mary J. Graham and Belle F. Neil are widows and are vested with the fee simple title to described land; that the owners desired to sell and complainant desired to purchase the land; that on April 19, 1919, the owners agreed to sell to complainant for $25,000.00, payable $200.00 cash at the time of the agreement, $9,800.00 at the time of closing the transaction, $15,000.00 to be evidenced by one note payable three years after date, with interest at 8% per annum, the note to be secured by a mortgage on the premises; that complainant paid $200.00 to Mary J. Graham and Belle F. Neil, whereupon they entered into a written conveyance of the land to complainant, by warranty deed signed, sealed and duly acknowledged, naming a consideration of $10.00 and other valuable considerations; that said deed was placed in the hands of G. C. McClure, to be by him held in escrow in lieu of any other receipts or agreements in writing; that McClure at the request of all parties agreed to hold said deed pending the procuring of an abstract of title to said premises and the ascertaining of the amount of the taxes, and the curing of any other defects, if any; the deed to be delivered to complainant upon his tendering and delivery to said McClure or the said Mary J. Graham and Belle F. Neil of $9,800.00 (less the amount of the taxes and other liens on said property) and the said note for $15,000.00, with mortgage to secure it as stated; that complainant procured an abstract of title to the property, but before he had an opportunity to make an examination thereof, the defendants, Rose Connett and Virginia Neil Connett, filed suit to enjoin Mary J. Graham and Belle F. Neil from conveying the premises to complainant, predicating such suit upon an alleged agreement

signed by Mary J. Graham and Belle F. Neil, dated March 27th, 1919, but such suit was dismissed; that on April 29th, 1919, when complainant was informed of the dismissal of the injunction suit and that the title to the property was unincumbered, he caused to be tendered to the said G. C. McClure the moneys and the note and mortgage securing said note; that the said G. C. McClure, who then and there held the said deed in escrow to be delivered, stated that the said Belle F. Neil had been in his office the afternoon prior to the day of this tender to-wit: on the 29th day of April, 1919, and in her conversation with the said G. C. McClure, the said Belle F. Neil, although not recalling the said deed, instructed the said G. C. McClure that the said deed was not to be delivered to the said P. Ullendorff; that the said G. C. McClure informed the said Belle F. Neil that he held a deed in escrow for the benefit of P. Ullendorff and would have to make a delivery upon the presentation of the money and notes; the following morning the said G. C. McClure took possession of the said moneys, note and mortgage, aforesaid, and called on the said Mary J. Graham and informed her that he had the said moneys, note and mortgage, and the said Mary J. Graham requested the said G. C. McClure to hold the said deed and mortgage, notes and papers until after two o'clock in the afternoon on the said 29th day of April, 1919, at which time it was represented that this matter would be talked over; that complainant fully relied on the representations of the said Mary J. Graham, that she intended always to cause the said deed to be delivered by the said G. C. McClure to your orator, and that she would not attempt to have the delivery of the deed, which was then and there in escrow, delayed; notwithall of the representations, and notwithstanding the fact that the said deed was in escrow, and notwithstand-

ing that the said Belle F. Neil and said Mary J. Graham had and still have the Two Hundred $200.00) dollars cash, which was paid to them, and notwithstanding that Belle F. Neil and Mary J. Graham nor anyone in their behalf, had informed your orator that they would or would not attempt to recall the deed, and notwithstanding that the said deed was never recalled, the said Belle F. Neil and Mary J. Graham did on the 29th day of April, 1919, before the said G. C. McClure was called by the said Mary J. Graham and said Belle F. Neil, to attend the said meeting, the said Mary J. Graham and Belle F. Neil, contrary to their agreement to convey the said property to your orator, and contrary to their agreement to accept the note and mortgage as aforesaid, and contrary to the escrow agreement by which the said deed was placed in the hands of G. C. McClure, the said Mary J. Graham and the said Belle F. Neil, did enter into an agreement with Rose Connett to convey to the said Rose Connett the property hereinabove described. that the said Rose Connett well knew at the time of the making of said last mentioned agreement that there was in escrow in the hands of the said G. C. McClure the deed hereinabove referred to conveying the said premises to your orator, and that the said Rose Connett is not an innocent purchaser, but a purchaser with full knowledge of all the foregoing, this whole transaction having been discussed in her presence on or about the 28th day of April, 1919, and she also having prior knowledge; that complainant has executed the said note and the said mortgage, and has made the tender aforesaid to the said G. C. McClure and has caused tender to be made to the said Mary J. Graham and Belle F. Neil before the execution by them of the agreement with the said Rose Connett as aforesaid; and that the said Rose Connett caused to be filed for record

the said agreement and that the same was filed in the office of the Clerk of the Circuit Court of said Dade County on or about two o'clock in the afternoon of the 29th day of April, 1919, and thereby put a cloud upon the title to the said premises."

The prayer is that G. C. McClure, the escrow holder, be restrained from delivering the deed to any one, but to hold the same until the further order of the court, and that he shall thereupon be required to make delivery of the said deed to your orator; and that the defendants, Mary J. Graham and Belle F. Neil and Rose Connett, be restrained by the order of this Honorable Court from making any other deeds, agreements, or other instruments in writing affecting the title to the premises aforesaid, and that the said Mary J. Graham and Belle F. Neil or the said G. C. McClure, for the use and benefit of said Mary J. Graham and Belle F. Neil, be required by the order of this Honorable Court to accept the said money and the note and mortgage aforesaid herewith tendered in this court; and that the said agreement dated March 27th, 1919, signed by Mary J. Graham and Belle F. Neil, above referred to, be rescinded and declared null and void; and that the said agreement made by and between Mary J. Graham and Belle F. Neil, parties of the first part and the said Rose Connett, which said agreement was recorded in the office of the Clerk of the Circuit Court of said Dade County, on April 29th, 1919, as aforesaid, be declared null and void and that the said Clerk of the Circuit Court be authorized and instructed to mark on the record of the last mentioned agreement, "Canceled by order of Court," and that your orator may have such other and further relief in the premises as equity may require and to this Honorable Court shall seem meet.

A temporary restraining order was granted.

By answer G. C. McClure, the escrow holder, admitted the allegations of the bill of complaint and deposited the money, note and mortgage in the registry of the court.

Mary J. Graham and Belle F. Neil demurred to the bill of complaint, the grounds being:

"1.　There is no equity in said Bill.

"2.　Complainant is not without adequate remedy at law.

"3.　It appears from the Bill that there was no valid enforceable contract for the sale of the property described in the Bill existing between the parties at the time of the alleged deposit in escrow.

"4.　No contract or memorandum in writing thereof is made out by the Bill of a nature sufficient to satisfy the Statute of Frauds.

"5.　The Deed alleged to have been delivered in escrow does not appear to contain the price, terms or conditions of the sale and is therefore not a sufficient memorandum in writing to satisfy the Statute of Frauds.

"6.　It is apparent on the face of the Bill that no irrevocable deposit of said Deed was made by Belle F. Neil and Mary J. Graham, with said G. C. McClure, but that on the contrary that the grantors would have to be further consulted before said deed could be delivered to complainant, which circumstances destroys the quality of escrow in said deposit and makes the depositor namely the agent of the grantor.

"7.　It appears from the Bill that Mary J. Graham and Belle F. Neil had entered into a written agreement for the sale of said property prior to the time of their making the oral contract with complainant alleged in the Bill, and that complainant procured his transaction to be made in utter disregard of same.

"8. It does not appear from the Bill that the Complainant was without knowledge of the agreement of March 27th, 1919, at the time he dealt with these defendants.

"9. Because the contract set forth in complainant's Bill and upon which complainant's claim for relief is based, is void and unenforceable.

"10. The said Bill shows on its face that it seeks to establish a parol contract for the sale of real property.

"11. Because said Bill shows on its face that the tender alleged to have been made by the Complainant was not so made before rescission by the defendant.

"12. Because the contract relied upon by the Complainant lacks mutuality."

An appeal was taken from an order sustaining the demurrer and dismissing the bill of complaint.

In this case the deed of conveyance to Ullendorff signed and sealed by the grantors and deposited with G. C. McClure, a third person, was an escrow, since it was to be delivered by the third party to the grantee therein upon the performance of a stated condition by the grantee. Loubat v. Kipp & Young, 9 Fla. 60; 10 R. C. L. 621; 21 C. J. 865. After the deposit of the instrument with the escrow holder, the grantors had no control over it, unless the grantee defaulted in complying with the conditions of the escrow. See 21 C. J. 870; Tharaldson v. Everts, 87 Minn. 168, 91 N. W. Rep. 467. The escrow holder was in effect a trustee of both parties charged with the performance of an express trust governed by the escrow agreement which agreement was not required to be in writing, there being a deposit of the escrow paper.

The instrument deposited was not a mere contract to convey land, but a deed signed, sealed and witnessed un-

der the statute appropriate to conveying land upon which part payment had been made. The deposit of the instrument with the escrow holder was a conditional delivery of the deed to become effectual by delivery to the grantee upon the performance by him of the conditions that were subsequent to the escrow, but precedent to the ultimate delivery of the deed. The deed so delivered in escrow, after the grantors had accepted $200.00 of the purchase price, gave to the intended grantee an equitable interest in the land, subject to be defeated if he failed to comply with the conditions of the escrow, but to become a complete equitable title upon performance of the escrow conditions by the grantee named in the deed of conveyance.

When the grantee named in the deed of conveyance had complied with all the conditions of the escrow agreement, he was entitled to have the escrow instrument delivered to him; and upon refusal of the escrow holder to so deliver he may be compelled to do so. Brown v. Stutson, 100 Mich. 574, 59 N. W. Rep. 238, 43 Am. St. Rep. 462. And where third parties contracted for the land with knowledge of the escrow transaction, their claims may be cancelled in appropriate proceedings. Wilkins v. Somerville, 80 Vt. 48, 66, Atl. Rep. 893, 11 L. R. A. (N. S.) 1183. See also Drake v. Branning, 66 Fla. 543.

This suit is materially different from that of Foulkes v. Sengstacken, 83 Oregon 118, 158 Pac. 952; 163 Pac. 311, and from other cases cited for appellee.

The court erred in sustaining the demurrer and in dismissing the bill of complaint.

Reversed for appropriate proceedings.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.