**BINGHAM et al. v. TAYLOR.**

(Circuit Court of Appeals, Fifth Circuit. March 9, 1926.)

No. 4651.

1. **Escrows** ⬅═8(1, 2), 14(1)—**Owner, having forwarded deed in escrow, was within rights in requiring certain amount on definite date, and on failure thereof could cancel escrow, and delivery by escrow holder thereafter was violation of escrow.**

Owner, having forwarded deed to bank in escrow with instructions to deliver on payment of specified purchase price, and both escrow holder and prospective purchaser knowing he was anxious to receive money promptly for use in another deal, was within his rights in wiring directions that $1,000 be sent him on a certain date, and on failure to do so had right to cancel escrow, and delivery of deed by escrow holder thereafter was violation of escrow.

·2. **Escrows** ⬅═14(1)—**Deed delivered in violation of escrow conditions vests no title in grantee, or innocent third person to whom it is subsequently transferred.**

Deed delivered in violation of conditions under which it is deposited in escrow vests no title in grantee, or in innocent person to whom he subsequently transferred it.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Action by Alfred · R. Taylor against George W. Bingham and others. Judgment for. plaintiff, and defendants appeal. Affirmed.

George C. Bedell, of Jacksonville, Fla. (M. D. Carmichael, S. C. Kearley, and H.

C. Fisher, all of West Palm Beach, Fla., on the brief), for appellants.

H. J. Quincey, of West Palm Beach, Fla., and P. H. Odom, of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment setting aside two deeds to certain land in Palm Beach county, Fla. There is no dispute as to the material facts. Taylor, appellee, was the owner of the property, and had considerable negotiations with Bingham, one of the appellants, as a broker for the sale of it, beginning about September, 1923. Eventually negotiations reached a point satisfactory to Taylor, who was then residing in Dayton, Ohio, and he executed a deed to Bingham and sent it for deposit in escrow to the First American Bank & Trust Company of West Palm Beach, Fla. The price stated in the deed was $18,250, and the bank was authorized to accept a binder sufficient to cover the payment of two notes secured by a mortgage to J. B. McGinley, bearing on the property, amounting to $27,-024, and certain taxes amounting to $45.75, and was instructed as to the recording fees and other minor details.

Taylor knew that Bingham had in fact sold the property to the other appellants, who are the trustees of the First Presbyterian Church of West Palm Beach, and Bingham knew that Taylor had an option on certain property in Dayton, Ohio, for which he was negotiating a purchase, and expected to use the money from the Florida property to carry out that agreement. In the letter to the bank inclosing the deed, Taylor asked the bank to wire him after acceptance of the terms and the depositing of the binder, and added: "Speed being of prime importance, in order that I may meet my obligations here. Kindly expedite." This letter was dated January 25, 1924, and was received by the bank in due course. The sale was delayed because of certain negotiations between Bingham and the city of West Palm Beach for a strip of land adjoining plaintiff's property, and which had previously been condemned by the city as a street. On February 14, 1924, the bank wrote to Taylor as follows:

"Mr. Bingham was in the bank yesterday, and he anticipates an early closing of this deal. However, it depends entirely upon his securing quitclaim deeds from the county and city to strip of land in front of your lot. We are doing all possible to effect closing of this deal for you, and we will remit promptly at such time."

Taylor heard nothing more from either Bingham or the bank for approximately six weeks, and on March 24, 1924, wired the bank as follows:

"This afternoon the judge allowed me until Monday noon, March 31st, to complete terms of compromise arranged by him on my option here. Please interview Mr. Bingham if no prospect immediate action return my deed to Lake View avenue property. If he accepts wire me $1,000.00 cash."

On March 26th the bank wired Taylor as follows:

"Bingham states his attorney has succeeded in having the city of West Palm Beach agree to give deed to strip of property on north part of your lot for $500.00. He has deposit $1,000.00 to-day and will pay the balance $17,250.00 within ten days from date. Please wire your acceptance."

After receipt of this telegram, Taylor wired the bank, March 28, 1924, as follows:

"Will accept $17,750.00 net spot cash within ten days for Lake View avenue property provided you wire me $1,000.00 through Postal Telegraph Company before noon Monday March 31st. Am writing you new letter instructions prefer to pay McGinley notes from here myself."

This telegram was received by the bank about 4:30 p. m. March 29th, but was not complied with. After 2 p. m. on March 31st Bingham wired $1,000 to Taylor at Dayton, Ohio, by the Western Union Telegraph Company. Taylor did not receive this message until late in the afternoon, by which time the option to purchase the Dayton property had expired. Taylor then wired the bank:

"Bingham's thousand arrived too late hold deal for further instructions."

This telegram was delivered to the bank at 8:30 a. m. on April 1st. After the receipt of this telegram the bank accepted the balance of the purchase price from Bingham and delivered the deed. Bingham in turn executed the deed to the trustees of the church, and later on Taylor filed this suit to cancel the said deeds, and judgment was rendered in his favor.

[1] It is the contention of appellants that the sale was made directly to Bingham as the purchaser, and that he fully complied with the terms of the deed. We cannot agree with this contention. We think it is shown with reasonable certainty that all along Bingham was acting as the agent of Taylor, but this is immaterial in the view the District Court took of the case, and with

which we agree. Although the acts of the parties would indicate that the bank was at least friendly to Bingham, in contemplation of the law the bank was a trustee for both parties. Both Bingham and the bank knew that Taylor was anxious to receive his money promptly. After he forwarded the deed, if it was not accepted and the purchase money paid within a reasonable time, he had the right to recall it or to impose additional conditions. We think he was well within his rights in sending the telegram of March 28th, requiring that $1,000 be sent him by the Postal Telegraph Company before noon of March 31st, as this gave ample time to Bingham to comply with the request. Furthermore, the bank had already notified him that it had $1,000 on deposit for his account. As his instructions were not complied with in time, he then had the right to cancel the escrow, or to order the bank to hold the deed for further instructions, which he did. For the bank to thereafter deliver the deed to Bingham was a clear violation of the escrow. [2] It is well settled that a deed delivered in violation of the conditions under which it is deposited in escrow vests no title in the grantee, or in even an innocent third person to whom he subsequently transfers. Houston v. Adams, 85 Fla. 291, 95 So. 859; Ullendorff v. Graham, 80 Fla. 845, 87 So. 50; Cobban et al. v. Conklin, 208 F. 231, 125 C. C. A. 431.

The judgment of the District Court was right.

Affirmed.