JOHNSTON REALTY & INVESTMENT COMPANY, FRED S. JOHNSTON AND ROSEMARY LEE JOHNSTON, HIS WIFE, *Appellants*, v. THE NATIONAL CITY BANK OF TAMPA, FLORIDA, *Appellee*.

Division A.

Opinion Filed February 16, 1928.

*Hampton, Bull & Pencke,* for Appellants;

*McKay, Withers & Ramsey,* for Appellee.

ELLIS, C. J.—The appellants and John M. Grosvenor deposited with The National City Bank of Tampa three deeds of conveyance. One from Grosvenor to Johnston Realty & Investment Company, a Corporation, and Rosemary Lee Johnston, conveying about fourteen hundred acres of land located in Chippewa County in the State of Michigan; one deed from Johnston Realty & Investment Company to Grosvenor conveying a lot in Palma Ceia Park Subdivision in Hillsborough County, Florida; and another deed from Johnston and his wife to Grosvenor conveying part of a certain lot in Park City Subdivision in Hillsborough County, Florida.

These deeds were deposited by the parties with the Bank in escrow accompanied by a letter signed by the Johnston Realty & Investment Company by Fred S. Johnston, President, and John M. Grosvenor, which letter set forth the description of the deeds, the agreement of the parties upon which the exchange of properties was made, and that the Johnston Realty & Investment Company and Rosemary Lee

Johnston should have time to examine the lands and the title conveyed by Grosvenor. The conditions of the escrow were contained in the following words:

"It is further understood by and between the parties hereto that the said Johnston Realty & Investment Co., a Corp., and Rosemary Lee Johnston shall have ample time, at least 30 days from date of delivery of abstract to have the title to the above mentioned Michigan acreage examined by their attorney and also to inspect the acreage personally and if after such examination, the title is found defective and cannot be remedied within 90 days, or if the personal examination reveals the fact that the land is not up to the expectations of the said Johnston Realty & Investment Co., a Corp., and Rosemary Lee Johnston or their personal representative, then and in that event, the National City Bank of Tampa shall return the attached deeds to the parties making them. But if the said Johnston Realty & Investment Co., a Corp., and the said Rosemary Lee Johnston shall advise the said Bank that they are satisfied with the title and acreage, then and in that event the said Bank shall deliver the deed of the said John M. Grosvenor covering the Michigan acreage to the Johnston Realty & Investment Co., a Corp., and Rosemary Lee Johnston and shall deliver the other two deeds referred to above, to the said John M. Grosvenor and the deal shall be consummated between the parties hereto in accordance with the terms of this letter and agreement."

About two weeks after the above transaction the bank received from the Johnston Realty & Investment Company and Rosemary Lee Johnston a written statement that the signers were satisfied with the title to the lands conveyed by Grosvenor to them and instructing the bank to deliver the two deeds executed by them in favor of Grosvenor to him when he should call for them and to deliver to the

bearer of the written statement the deeds executed by Grosvenor to the Johnston Realty & Investment Company.

The following day the bank received a letter signed by "Edwin Sutherland, Attorney for John M. Grosvenor," instructing the bank not to deliver the deed executed by Grosvenor in favor of Johnston Realty & Investment Company and Rosemary Lee Johnston to them. The reason given being that the grantees in that deed had obtained the execution of it by Grosvenor through fraud. Two days later the bank received a second letter from the same persons confirming the first communication and advising the bank that Mr. Grosvenor would in due course demand by appropriate proceedings the deed executed by him in favor of the Johnston Realty & Investment Company and that Grosvenor declined to recognize as valid or binding the escrow agreement.

Then, about a week later, on the 13th of May, 1926, the bank exhibited its bill in chancery against the appellants and Grosvenor to require them to interplead their claims.

The Johnston Realty and Investment Company and the Johnstons demurred to the bill. The demurrer was overruled and they appealed from that order.

The deeds were held by the bank in escrow. The respective grantors had no control over their deeds in the absence of a showing that the conditions under which the deeds were held had been disregarded. See Ullendorf v. Graham, 80 Fla. 845, 87 South. Rep. 50.

The contract which had been entered into between the parties for an exchange of the land had progressed toward completion. The conditions had all been fulfilled. The transaction was closed. All considerations, agreements and conditions had become merged into the deeds of conveyance which had been duly executed by them respectively and delivered in escrow to await the performance by the John-

ston Realty & Investment Company and Johnston and his wife of one condition only. That was that they should within thirty days from the delivery of the abstract of title to the Michigan lands signify their satisfaction with the title and acreage, in which case the deeds should be delivered to the respective grantees therein. There was an alternative to this condition which is of no importance in this case as the situation contemplated by that alternative did not arise.

The Johnston Realty & Investment Company and Johnston and his wife within thirty days advised the bank in writing that they were satisfied and by that writing directed the bank to deliver the deeds to the respective parties. The condition was fulfilled. The grantees in the Grosvenor deed were entitled to the delivery of the deed to them. The bank was subject then to appropriate proceedings to compel the delivery. See Ullendorf v. Graham, *supra*.

The bank seeking an interpleader has no ground for the relief. It cannot cast upon the parties defendant the burden of settling the question of whether it had obligated itself to one of them. By declining to comply with its duty a situation afterwards arose which the bank now makes the occasion for its bill; but the bank had nothing to do with that controversy, even assuming that the question had been properly raised.

A man named Sutherland, describing himself as Attorney for Grosvenor, advised the bank, after the condition of the escrow had been met and therefore a constructive delivery had occurred, in a letter to the bank that the deed had been procured from Grosvenor by misrepresentation as to the value of the Florida land. If this circumstance was enough to produce any hesitancy on the bank's part, or cause it to make any investigations as to the conditions

and terms of the original agreement between the parties and whether there had been a *bona fide* fulfillment of them and whether any misrepresentation in fact had occurred as to the land value, it came too late because the condition of the escrow had been the day before fulfilled by the Johnstons and they had already secured a right to the delivery of the deed.

The order of the Chancellor is reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.