JOHNSTON REALTY & INVESTMENT CO. *v.* GROSVENOR.

1. JUDGMENT—RES ADJUDICATA—ESCROWS.
   Where, in suit for specific performance of escrow agreement, grantor filed cross-bill for cancellation of deed on ground of fraud, decree dismissing cross-bill, from which no appeal was taken, is *res adjudicata* of question of fraud in subsequent suit against grantor and grantees for cancellation of subsequent deed.

2. SAME—FOREIGN JUDGMENT—DELIVERY—CONSTITUTIONAL LAW.
   Decree in foreign State determining that deed in escrow should be delivered to grantee in accordance with agreement is binding on grantor who appeared in said suit and filed answer, and therefore under full faith and credit clause of Federal Constitution he may not attack validity of delivery in subsequent suit in this State.

3. Same—Parties.

Decree in former suit against grantor dismissing bill for specific performance of escrow agreement is not *res adjudicata* of instant suit against grantor and grantees for cancellation of subsequent deed, since issues and parties are different.

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted June 11, 1929. (Docket No. 118, Calendar No. 34,325.) Decided July 8, 1929.

Bill by the Johnston Realty & Investment Company, a Florida corporation, and another against John M. Grosvenor and others to remove a cloud from the title to land and to cancel a deed. From a decree for plaintiffs, defendants appeal. Affirmed.

*McDonald & Kaltz,* for plaintiffs.

*Davidson & Hudson,* for defendants.

North, C. J. This bill was filed to clear cloud from the title of land therein described and to secure the cancellation of the deed of this land running from the defendant John M. Grosvenor to the other defendants as grantees. On April 20, 1926, John M. Grosvenor, then the owner of these lands, executed a warranty deed thereof to the plaintiffs. This deed was delivered in escrow to the National City Bank of Tampa, Florida, to be delivered to the plaintiffs subject to certain conditions which were subsequently fulfilled. Before this deed was demanded from the bank by the grantees, the grantor served notice on the bank not to make delivery to the grantees, alleging that they had induced him to make the conveyance through fraud and deceit. May 25, 1926, the plaintiffs herein instituted suit against John M. Grosvenor in Chippewa county,

Michigan, where these lands are located, by which suit they sought specific performance of the escrow agreement. The defendant answered, and by cross-bill sought cancellation of the deed on the ground that he had been defrauded in the transaction by the plaintiffs. The decree in the circuit dismissed both the bill and cross-bill and denied any relief. Plaintiffs appealed to this court, but the defendant did not appeal from the dismissal of his cross-bill. This court affirmed the decree of the lower court. See *Johnston Realty & Investment Co.* v. *Grosvenor,* 241 Mich. 321.

Twelve days before the former suit in Chippewa county was instituted the National City Bank of Tampa filed a bill of interpleader in Florida which submitted to the courts of that State the question of the delivery of the Grosvenor deed to the plaintiffs. The case was appealed to the Supreme Court of Florida and the grantees were held to be entitled to delivery of the deed. See *Johnston Realty & Investment Co.* v. *National City Bank of Tampa,* 95 Fla. 282 (116 South. 229). After delivery of the conveyance to the grantees it was discovered that John M. Grosvenor had given a warranty deed of this property to the other defendants, Walter L. Grosvenor and wife. John and Walter are brothers. The deed to Walter and wife is dated June 3, 1926, and was recorded June 7, 1926. Incident to the former suit instituted in Chippewa county, the plaintiffs caused a *lis pendens* to be filed on May 25, 1926. It thus appears that the *lis pendens* was filed against this property over a week before the date of the deed from John to Walter and wife. In the instant case it is urged by the plaintiffs that the defendants Walter L. Grosvenor and wife cannot successfully claim to be *bona fide* purchasers with-

out notice of plaintiff's title. Cancellation as sought was decreed in the circuit. The defendants have appealed.

In this second suit in Chippewa county, the defendants filed a cross-bill wherein it is again alleged that the plaintiffs secured their deed from John M. Grosvenor through fraud and misrepresentation. It is also claimed that the delivery of the deed under which plaintiffs assert title was not regularly obtained, and that the former suit in this State in which specific performance of the escrow contract was denied is *res adjudicata* of the present suit for cancellation. We have given the record careful consideration, and find that the circuit judge arrived at a correct conclusion in determining that there is no merit in any of these contentions. The same claim as to a fraud having been perpetrated upon the defendant John M. Grosvenor was adjudicated after a full hearing in the first case in Chippewa county. In that suit John M. Grosvenor's cross-bill presenting this claim was dismissed and the relief therein sought denied. No appeal was taken by Grosvenor. Clearly that was an adjudication of the same alleged fraud and between the same parties. It must be held to be *res adjudicata,* and it cannot now be urged as a ground for defeating plaintiffs' right to take title under the deed in question. Nor can the defendants successfully contend that the delivery of the deed to the plaintiffs herein in accordance with the decree in the court of last resort in the State of Florida was not a lawful delivery. John M. Grosvenor appeared in that case, filed an answer, and is bound by the adjudication thereof. Any other conclusion would be in contravention of the full faith and credit clause of the Federal Constitution. The defendants' contention that the former suit of these

plaintiffs in Chippewa county, wherein they sought specific performance of the escrow agreement, is *res adjudicata* of their present suit wherein they seek cancellation of a deed given since they started the former suit and which constitutes a cloud upon plaintiffs' title, is without merit. The issues presented by these two bills of complaint are entirely distinct. As just stated, this deed was not in existence at the time plaintiffs' former suit was instituted, and the grantees therein named were not parties to the earlier litigation.

The decree of the lower court is affirmed, with costs to the appellees.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.