J. E. CHACE, SR., *Plaintiff in Error*, v. M. F. JOHNSON, *Defendant in Error*.

En Banc

Opinion filed July 9, 1929.

*W. K. Zewadski,* for Plaintiff in Error;

*L. W. Duval,* for Defendant in Error.

ELLIS, J.—J. E. Chace, Sr., and M. F. Johnson entered into a contract of purchase and sale of certain land. Chace agreed to "sell and convey" the land to Johnson and the latter agreed to "purchase and take" it. The price agreed upon was $4,200, of which $840 was paid by Johnson when the contract was signed. The remainder of the purchase price it was agreed should be paid as follows: $840 one year from the date of the contract, which was executed September 24, 1925, and $420 on each of the following dates: March 24, 1927; September 24, 1927; March 24, 1928; September 24, 1928; March 24, 1929, and September 24, 1929.

The deferred payments it was agreed should bear inter-

est at the rate of 8 per cent per annum from the date of the contract. The purchaser had the privilege of paying off either or all of the deferred payments before maturity. Chace agreed to execute and deliver a deed conveying the land to Johnson and the deed was to be deposited in the bank in escrow pending payment by Johnson of the balance to be paid by him under the contract. All payments were to be made to the bank and by it credited upon the contract. The purchaser agreed to pay all taxes thereafter assessed and other liens that might accrue upon the property.

The contract contained a clause in the following language: ''It is specifically understood and agreed that should the party of the second part fail for the space of 30 days to pay either of the deferred payments and interest thereon as herein provided, or should allow any taxes hereafter assessed, or any assessment for streets or other municipal improvements to become delinquent, against said land, the party of the first part shall have the right to immediately cancel this contract, recall said deed from the Ocala National Bank, and keep and retain all payments of principal and interest as liquidated damages, and this contract shall from thenceforth be null and void, and the party of the second part shall have no further rights thereunder and if the party of the second part has caused this contract to be recorded, the party of the second part, in consideration of the premises, agrees to execute a quitclaim deed or release of this contract without any additional cost or charge to the party of the first part.''

Johnson failed to pay the amount agreed to be paid on September 24, 1926, $840, failed to pay the installment due March 24, 1927, and the interest on the balance due of $3,360, as also the taxes of $47.50. So on June 20, 1927,

Chace brought his action against Johnson to recover the amounts due under the terms of the contract.

The defendant demurred to the declaration upon several grounds the principal point raised being that the clause of the contract quoted above provided the only remedy available to the seller in case of a failure on the purchaser's part to meet any of the deferred payments or to comply with any of the other covenants upon his part to be performed; that by such clause the parties had provided for liquidated damages to be recovered by the seller in the event the purchaser should fail to perform the convenants of payment under the contract and that the seller had no other recourse. The demurrer was sustained; judgment was entered for the defendant and the plaintiff took a writ of error.

If the demurrer was not well taken on the point mentioned it should have been overruled as the declaration was otherwise sound. The contract was made a part of the declaration by apt words.

The clause upon which the purchaser, the defendant in error here, relies is not unusual in such contracts and is intended for the benefit of the vendor which he may enforce under some conditions or waive at his pleasure. It is a penalty or forfeiture clause which under some conditions it would be inequitable for the vendor to enforce and in which a court of equity would deny him such privilege. Taylor v. Rawlins, 90 Fla. 621, 106 So. R. 424. If the vendee had made all payments except the last leaving only a small part of the purchase price to be paid and had in all other matters performed the agreement on his part to be performed it would be unconscionable to permit the vendor to claim as liquidated damages all payments which had been made. Such a case would not be different from

the case at bar as the vendee views it except in the amount of penalty which might be exacted under the clause.

The contract was for the purchase of land and the purchaser agreed to pay a certain sum therefor at certain periods of time in definite amounts. The vendor was required to execute a deed of conveyance of the lands to the purchaser and place the same in escrow with the bank and when the payments should be completed it was under the terms of the escrow required to deliver the deed to the purchaser.

After delivery of the deed to the bank the vendor had no control over it. The bank became a trustee of both parties charged with the performance of an express trust. See Ullendorf v. Graham, 80 Fla. 845, 87 So. R. 50; Johnston Realty & Investment Co. et al. v. National City Bank of Tampa, 95 Fla. 282, 116 So. R. 229.

The construction of the clause as contended for by the defendant in error would make it appear as if the parties intended to make the liquidated damages under some conditions to be equivalent to a penalty and out of all proportion to the damages which the vendor might sustain in the event of a breach of the agreement by the vendee. See Southern Menhaden Co. v. How et al., 71 Fla. 128, 70 So. R. 1000.

The doctrine that such clauses in contracts for the sale of land as the one involved in this case are for the benefit of the vendor and which he may waive if he wishes is expressed very clearly in Mancius v. Sergeant, 5 Cow. (N. Y.) 271; Canfield v. Wescott, 5 Cow. (N. Y.) 270.

It is undeniable that parties to a contract may agree as to the amount which shall be paid in compensation for loss or injury which may result in the event of a breach of the agreement. The purpose in permitting a stipulation for damages as compensation is to render certain and defi-

nite that which appears to be uncertain and not easily susceptible of proof. Whether such a provision is one for a penalty or for liquidated damages is regarded as one of law. 8 R. C. L. 559.

The provision in the contract under consideration relating to the liquidated damages does not specify what sum shall be so regarded in the event of a breach of its terms by the vendee but provides for an increasing penalty in inverse ratio to the purchaser's performance of the contract's terms. The less he performs the less he forfeits, but the nearer he comes to a complete fulfillment of the agreements on his part to be performed without completing them the greater sum he forfeits to the vendor.

The clause we think merely secured to the vendor an option to rescind the agreement and take what damage he actually sustained or waive the privilege and bring action upon the unqualified agreement of the purchaser to pay.

The judgment is reversed and the cause is remanded with directions to proceed in accordance with the views here expressed.

Reversed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.