J. E. CHACE, SR., *Plaintiff in Error*, vs. LEWIS SMITH, *Defendant in Error*.

136 So. 672.

En Banc.

Opinion filed September 23, 1931.

*D. Neil Ferguson*, for Plaintiff in Error;

*E. H. Martin* and *F. R. Hocker*, for Defendant in Error.

BUFORD, C.J.—In this case plaintiff in error sued defendant in error on a contract for purchase and sale of real estate. The contract was made a part of the declaration.

The phraseology of the contract was like that involved in the case of Chace vs. Johnson, 98 Fla. 118, 123 Sou. 519.

Demurrer was interposed to the declaration. Demurrer was sustained and thereupon judgment entered in favor of the defendant against the plaintiff.

The declaration in the case now before us is in all material respects identical with the declaration in the case of Chace vs. Johnson, supra. That declaration was held good against the demurrer interposed and in that case the court said, "If the demurrer was not well taken on the point mentioned, it should have been overruled as the declaration was otherwise sound". The point mentioned was the objection to the declaration on the ground

"that the clause of the contract quoted above provided the only remedy available to the seller in a case of a failure on the purchaser's part to meet any of the deferred payments or to comply with any of the other covenants upon his part to be performed; that by such clause the parties had provided for liquidated damages to be recovered by the seller, in the event the purchaser should fail to perform the covenants of payment under the contract; and that the seller had no other recourse."

The contract upon which this suit is based is entirely different from the contract considered in the case of Smith vs. Newell, 37 Fla. 147, 20 Sou. 249, and it also differs from the contract under consideration in the case of Taylor vs. Rawlins, 86 Fla. 279, 97 Sou. 714.

Mr. Justice Ellis, speaking for the Court in the case of Chace vs. Johnson, supra, construing the effect of the contract there involved, which is identical with the one here involved, said:

"The provision in the contract under consideration relating to the liquidated damages does not specify what sum shall be so regarded in the event of a breach of its terms by the vendee, but provides for an increasing penalty in inverse ratio to the purchaser's performance of the contract's terms. The less he performs the less he forfeits, but the nearer he comes to a complete fulfill-

ment of the agreements on his part to be performed without completing them the greater sum he forfeits to the vendor.

The clause, we think, merely secured to the vendor an option to rescind the agreement and take what damage he actually sustained or waive the privilege and bring action upon the unqualified agreement of the purchaser to pay.''

The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

BROWN, J., dissenting:—My view is that all the plaintiff could sue for in such a case as this was the difference between the agreed purchase price and the actual value of the land at the time of the breach of the contract of purchase. See Smith vs. Newell, 37 Fla. 147, 20 So. 249; 39 Cyc. 1900-1912, 1955-1957.