Ida Aronson, Formerly Ida Wachs, and Robert F. Munez and J. A. M. Grable, as Trustees of the Krause Estate, v. First Savings & Trust Company of Tampa.

190 So. 524
Division B
Opinion Filed July 11, 1939

*Mabry, Reaves, Carlton & White* and *D. C. McMullen* and *Neil McMullen,* for Appellants;

*Whitaker, Whitaker & Terrell,* for Appellee.

Per Curiam.—The record in this case shows that Ida Wachs, on June 13, 1939, had a balance to her credit with the First Savings & Trust Company of Tampa in the sum of $10,706.88, and on the same date drew a check thereon payable to cash in the sum of $10,706.88 and redeposited said money to the account of Ida Wachs, Trustee for Joe Aronson. On June 14, 1938, Ida Wachs, as Trustee for Joe Aronson, signed a check on said account for the sum of $5,300.00, which she deposited with the First Savings & Trust Company of Tampa under an agreement with Robert F. Nunez and J. A. M. Grable, as Trustees of the Krause Estate. The agreement was to lease a business house in Tampa for five years and the Trustees agreeing to make certain alterations in the store and $2,500.00 of the $5,300.00.

was to be made available to the Krause Trustees. The account of Ida Wachs, as Trustee for Joe Aronson, on June 15, 1938, had a balance to her credit in the sum of $5,460.94. The reason given for transferring the account from Ida Wachs to the account of Ida Wachs, Trustee for Joe Aronson, was that she desired to place the account or money beyond the reach of her husband as she expected to have litigation with him.

On June 17, 1938, Morris Wachs filed in the Circuit Court of Hillsborough County, Florida, against Ida Wachs a bill of complaint seeking a divorce and claiming an interest in all the property appearing in the name of his wife, Ida Wachs, inclusive of money on deposit with the First Savings & Trust Company of Tampa and other banks. Morris Wachs procured a restraining order and served the same upon the First Savings & Trust Bank of Tampa enjoining the payment of moneys out of said accounts until all rights could be determined.

On August 17, 1938, Morris Wachs and Ida Wachs compromised their differences and through counsel filed a stipulation in Court and a decree was obtained thereon and the sum of $5,750.0 was in full payment and satisfaction of all claims Morris Wachs might have in the money and property, and a final decree was entered by the court dissolving the receivership and injunction and the bonds of matrimony between Morris Wachs and Ida Wachs, and in all respects ratifying and confirming the stipulation of counsel.

On June 22, 1938, the First Savings & Trust Company filed its answer and counter claim setting forth that at the time of the service of the restraining order on it on June 17, 1938, it did not have on deposit in any savings or checking account any moneys in the name of or deposited to the credit of the defendant Ida Wachs, but that it held on deposit

for the account of Ida Wachs, Trustee for Joe Aronson, the sum of $5,406.88 in the savings account which was not subject to check and could only be withdrawn upon orders signed by Ida Wachs, Trustee for Joe Aronson. Likewise, the existence of an escrow agreement between Ida Wachs and the Trustee of the Krause Estate, and its acceptance as an escrow holder of the sum of $5,300.00 subject to the terms of the escrow agreement, and that the $5,300.00 was not subject to the check or order of the defendant, Ida Wachs. The counter claim asserted that Robert F. Nunez and J. A. M. Grable, as Trustees for the Krause Estate, Joe Aronson, Ida Wachs, and Morris Wachs had, or appeared to have, some right, title or demand which was or might be affected or impaired by the restraining order and that it was necessary that the named parties should be made defendants.

The First Savings & Trust Company further contended in its answer and counter claim that for the reason of the contentions and claims of these parties said moneys had been created a fund of which the bank, as a matter of law, was Trustee and was not advised and could not determine whether the moneys should be paid to Ida Wachs, Trustee for Joe Aronson, and if payment was made thereon it may be liable in law to the other parties defendant, and that it was necessary for the court to advise and instruct the First Savings & Trust Company to whom to pay the moneys, as it stood ready and willing to discharge its trust duties in protecting the funds as the court should determine but that it was necessary to employ attorneys to represent it and agreed to pay its attorneys a reasonable fee to be fixed and allowed by the court for such professional services.

On September 21, 1938, the lower court, after hearing the testimony, entered a final decree declaring the legal duty of

the First Savings & Trust Company with reference to the payment or disbursement of said funds on deposit with it, and allowing a reasonable attorney's fee for the services of the counter claimant's solicitors in and about obtaining a final decree concerning the payment or disbursement of said moneys. From the final decree an appeal has been perfected to this Court, and, while the entire decree is assigned as error, the argument of counsel is directed to that portion of the decree permitting or allowing compensation for counter claimants' attorneys out of the funds appearing in the name of Ida Wachs, Trustee for Joe Aronson.

The sum of $10,706.88 was on deposit with First Savings & Trust Company to the credit of Mrs. Wachs on June 13, 1938. She went to the bank and informed the officials that she expected trouble with her husband and as a result of this conference the deposit was changed from "Ida Wachs" to "Ida Wachs, Trustee for Joe Aronson," and on the following day she drew a creck on this account for the sum of $5,300.00 and deposited the money with the bank under the terms of an escrow agreement with the Trustees of the Krause Estate. The bank had certain duties to perform under the terms of the escrow agreement. It is not necessary or material to set out the terms of this agreement.

When Ida Wachs, Trustee for Joe Aronson, on June 13, 1938, opened Account No. 9397 with the First Savings & Trust Company she signed the stipulation, viz.:

"FIRST SAVINGS AND TRUST COMPANY OF TAMPA, FLORIDA.

"Date *June 13, 1938* — Account No. *9397* ·

"I hereby agree to the rules and regulations of the First Savings & Trust Company of Tampa, governing deposits in its Savings Department, as set forth in the Pass Book fur-

nished me upon opening my account, and to such other rules and regulations as the company may prescribe.

"SIGNATURE, *Ida Wachs, Trustee for Joe Aronson.*

"ADDRESS:

"OCCUPATION:

"EMPLOYED BY:

"REFERENCE:

"REMARKS:"

While the money was transferred from one account to another on the books of the bank at the request of Ida Wachs, the funds at no time got beyond the control of the original depositor, Ida Wachs. The reason for these changes was to prevent her husband from getting the money. The officials of the bank rendered all possible service to her. It is true that a restraining order was served on the bank, but same was dissolved by a decree of the court based on stipulation of counsel. In the case of McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806, when considering deposits with banks, this Court said:

"The term 'deposit,' when used in connection with a banking transaction, denotes a contractual relation between one who delivers money or a thing to a bank which received it with the implied agreement on the part of the bank that the deposit will be paid out on the order of the depositor or returned to him upon demand. Sayre v. Weil, 94 Ala. 466, 10 So. 546, 15 L. R. A. 544; 7 C. J. 641; 3 R. C. L. 516.

Deposits are divided into two classes, general and special. A general deposit is a deposit generally to the credit of the depositor to be drawn upon by him in the usual course of the banking business; a special deposit is a deposit for safe keeping to be returned intact on demand, or for some specific purpose not contemplating a credit on general account. A

deposit in a bank is presumed to be general in the absence of a special agreement importing a different character into the transaction. City of Miami v. Shutts, 59 Fla. 462, 51 So. 929; Collins v. State, 33 Fla. 429, 15 So. 214; Johnson v. Barton, 79 Fla. 46, 83 So. 722; Camp v. First Natl. Bank of Ocala, 44 Fla. 497, 33 So. 241, 103 A. S. R. 173; 3 R. C. L. 516; 7 C. J. 628."

We have not been able to find anything in the record that would expect the money on deposit with the First Savings & Trust Company from the rule and regulations of the Bank controlling general deposits. The bank, through its officials in conference with Mrs. Wachs, treated and generally considered that these moneys were owned by Mrs. Wachs and they were assisting her to so manage the funds so that Morris Wachs would not be able to recover it in threatened litigation. The agreement with the bank under which these funds were deposited did not require her to pay an attorney fee for the bank when it accepted these funds.

We have examined Ullendorff v. Graham, 80 Fla. 845, 87 So. 50; Chance v. Johnson, 98 Fla. 118, 123 So. 519, and other authorities cited on the part of counsel for appellee. We are in accord with the law therein stated, but it is not contemplated by the parties to the escrow agreement that the entire cost of the litigation, if any, should be paid by the appellant. There is nothing in the record to show any disputes or conflict of views or opinion as between the parties growing out of the escrow agreement and likewise the counter claimant failed to bring its case within the rule enunciated by this Court controlling innocent stake-holders. See Fogg v. Goode, 78 Fla. 138, 82 So. 614; Florida East Coast R. Co. v. Eno, 99 Fla. 887, 128 So. 622, 70 A. L. R. 506; Brown v. Marsh, 98 Fla. 253, 123 So. 763; Jackson-

ville Ice & Cold Storage Co. v. South Florida Farms Co., 91 Fla. 593, 109 So. 212, 48 A. L. R. 957.

The decree appealed from is hereby reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating at authorized by Section 4687, Compiled General Laws of 1927. and Rule 21-A of the Rules of this Court.