**TUCKER v. DR. P. PHILLIPS CO.,**
Inc., et al.
No. 10774.

Circuit Court of Appeals, Fifth Circuit.
Dec. 29, 1943.

A. R. Johnson and Newman T. Miller, both of West Palm Beach, Fla., for appellant.

O. B. Simmons, Jr., of Miami, Fla., and Hugh Akerman, of Orlando, Fla., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

HOLMES, Circuit Judge.

This is a suit by the trustee in bankruptcy of Southern Roadside Restaurants, Inc., against the appellees for an accounting for moneys of the bankrupt alleged to have been wrongfully appropriated. The court below held that no wrongful appropriation of the funds was proven, and directed a verdict for the defendants. The trustee has appealed.

In 1940, Locar, Inc., by written contract agreed to lease to Howard Johnson, Inc., certain real estate in Florida, and to erect thereon improvements designed for use as a restaurant. The lease was for a period of ten years at a rental of $400 per month, and contained a provision giving the lessor the option, upon continued default in payment of the rent for a period of twenty days, to terminate the lease and make immediately payable all rentals for the unexpired term thereof. On the day the lease was executed, Howard Johnson, Inc., subleased the property to the bankrupt.

In order to expedite the construction and to guarantee full performance of its obligations under the lease contract, Howard Johnson, Inc., was required to place the sum of $10,000 in escrow. A cashier's check for this amount was delivered by the bankrupt to Dr. P. Phillips Co., Inc., the escrow agent, under an agreement that the money should be used (1) to pay any loss or damage sustained by the lessor by reason of. proceeding to construct the improvements without first securing approval of the blue prints and specifications and the execution of the lease, and (2) to secure performance by Howard Johnson, Inc., of its obligations under the lease to its lessor. The second provision is the one relied upon by the appellees to justify the act of the escrow agent in applying to accelerated rental payments the money entrusted to it.

The improvements were made, and the bankrupt began the operation of a restaurant business. It soon became insolvent, and on March 23, 1942, an involuntary petition in bankruptcy was filed against it. Three days later the cashier's check was deposited for collection, and on or about April 1, 1942, the proceeds thereof were delivered by the escrow agent to Dr. P. Phillips Investment Company, Inc. (the assignee of Locar, Inc.), as an alleged advance payment of rentals by Howard Johnson, Inc., under the lease contract.

The question is whether this conduct of the escrow agent in parting with the res entitles the trustee in bankruptcy to recover the funds deposited in escrow. We think it does unless the evidence shows that the sum paid was for obligations due and owing under the lease by Howard Johnson, Inc. The deposit was not intended as a rental payment, but as security for the payment of the lessee's (not the sublessee's) obligations under the lease. Ordinarily the distinction between the liability of the lessee and the sublessee would not be important, but in this particular case it is very important because the bankrupt's obligation under the sublease was partially discharged by the bankruptcy law, whereas the lessee's obligation under the lease remains unimpaired. Therefore, the money on deposit with the escrow agent will become a part of the general assets of the bankrupt's estate if the lien created by the deposit and the escrow agreement is discharged.

█ It is certain that the escrow agent has parted with possession of the res; whether rightfully or wrongfully depends upon the existing obligations of the original lessee at that time. In Florida an escrow agent holds as a trustee charged with the performance of an express trust, and he must act in strict accordance with the terms of the escrow agreement lest he be liable in damages for any loss suffered by reason of any departure from those terms.[1]

█ It appears that the escrow agent has paid these funds to the assignee of the lessor as advance payments of rental, but there is no proof of any fact that justified such advance payments. When a trustee

1 Ullendorff v. Graham, 80 Fla. 845, 87 So. 50; Chace v. Johnson, 98 Fla. 118, 123 So. 519; Tomasello v. Murphy, 100 Fla. 132, 129 So. 328; Chace v. Smith, 102 Fla. 1013, 136 So. 672; 30 C.J.S., Escrows, §§ 8, 11, pp. 1203, 1213.

is called upon to account for trust funds held under the terms of an express trust, and it appears that those funds have been spent or disposed of by the trustee, the burden is on the latter to prove facts that warranted such expenditure or disposition under the provisions of the trust instrument, such facts being peculiarly within the knowledge of the trustee.

■ We have noted that the money deposited with the escrow agreement was not deposited to secure the obligations of the bankrupt as sublessee, but of Howard Johnson, Inc., as lessee; and it does not appear how much was due by Howard Johnson, Inc., under the lease. The money, when deposited in escrow, belonged to the Southern Roadside Restaurants, Inc. After it was so deposited it continued to be the property of that corporation, subject to the lien of the escrow agreement, until its adjudication in bankruptcy, whereupon the title thereto passed to the trustee in bankruptcy subject only to said lien. It now appears that the escrow agent has paid over all of the money to an affiliated company. This payment may have been justified, but there was no proof of it, though proof, if it existed, was peculiarly within the knowledge of the escrow agent. The trustee in bankruptcy made out a prima facie case; he was not required to negative facts peculiarly within the knowledge of defendants.

■■ Upon the facts before us the decision below should have gone for the appellant, without prejudice to the rights of the assignee of the lessor to assert its lien on the trust fund to secure performance by Howard Johnson, Inc., of its obligation under the lease. This is true because the lien was unaffected by bankruptcy. If, upon another trial, the escrow agent proves that the entire trust fund was used to pay amounts due and owing by Howard Johnson, Inc., under the lease, then the trustee in bankruptcy will not be entitled to recover anything. The errors committed by the court below, in our opinion, were in finding that the money on deposit with the escrow agent was paid as part of the consideration for the execution of the lease, and in holding that the burden of proof was on the trustee in bankruptcy to prove that nothing was due thereon.

The judgment appealed from is reversed, and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.