PER CURIAM.
The plaintiff, George D. Bambrick, appeals a summary final judgment for the defendant, Citizens National Bank of Orlando.
The essential facts are not in dispute. On January 20, 1960, plaintiff deposited the sum of $9,900.00 in the defendant bank and signed a signature card. The signature card was labeled “joint account” with both plaintiff’s name and that of his wife, Cecelia L. Bambrick, written at the top of the card. Only the plaintiff signed the signature card.
Plaintiff was declared incompetent and committed to an institution on or about February 8, 1960. Shortly thereafter, on February 9, 1960, Cecelia L. Bambrick by letter requested the defendant bank to send her the balance in “my” account. The defendant sent Cecelia L. Bambrick its cashier’s check for $8,606.59, charged the same to the subject account, and closed the account. Plaintiff brought suit against Cecelia in an effort to recover the ■ disputed sum in the Circuit Court of Lake County on July 6, 1961. More than three years later, on or about November 23, 1964, plaintiff demanded that defendant pay him the $8,606.-59.' On or about December 18, 1964, defendant refused payment upon a check drawn by plaintiff upon the account, returned the check, and advised plaintiff that the account was closed. Plaintiff filed his complaint against the bank in this cause on December 22, 1964, and attached as exhibits copies of the signature card and the returned check.
The,trial court held that plaintiff’s action was barred because it was within the three year statute of limitations applicable to unwritten contracts, F.S.A. § 95.11(5), rather than the five year statute applicable to contracts in writing, F.S.A. § 95.11(3).
*69 The signature card in this case does not contain the promise allegedly breached by the bank.[1] The card in question here merely contains an acknowledgment by the depositor of some of the terms and conditions under which the defendant accepted his funds for deposit.[2] When the plaintiff deposited the money in the account, an implied agreement arose on the part of the bank that the funds would be paid out on proper order or returned on demand. Aronson v. First Savings & Trust Co. of Tampa, 1939, 139 Fla. 240, 244, 190 So. 524, 526; McCrory Stores Corp. v. Tunnicliffe, 1932, 104 Fla. 683, 687, 140 So. 806, 807. Since the plaintiff’s action here was for the alleged breach by the bank of an undertaking implied from the deposit rather than a writing and plaintiff had knowledge of the alleged breach more than three years before he made demand or instituted suit, his action in this case is barred by the three year statute.[3]
Affirmed.
SMITH, C. J., and' ANDREWS and WALDEN, JJ., concur.

. “Under a certain factual situation a depositor may allege an express oral contract between himself and the bank, or under another, a written instrument setting forth the promise of the bank. In this last mentioned case section 95.11(3) would apply.” Edgerly v. Schuyler, Fla.App.1959, 113 So.2d 737, 742 (affirmed sub nom. Miami Beach First National Bank v. Edgerly, Fla.1960, 121 So.2d 417, 420, 82 A.L.R.2d 927, 932). See also 34 Am.Jur., Limitation of Actions, §§ 80 and 93.

. The signature card in this case reads as follows:
“In receiving items for deposit or collection, this bank acts only as depositor’s collecting agent and assumes no responsibility beyond the exercise of due care. All items are credited subject to final payment in cash or solvent credits. This bank will not be liable for default or negligence of its duly selected correspondents nor for, lpss.es in trans-: it, and each correspondent so selected shall not be liable except for its own negligence. This bank or its correspondents may send items, directly or indirectly, to any bapk including the payor, and accept its draft or credit as conditional payment in lieu of cash; it may charge back any item at any time before final payment, whether returned or not, also any item drawn on this bank not good at close of business on day deposited.
“This account will be subject to a charge of $1.00 if closed within a period of three months from opening date, also a charge of .500 per month should the account b.eeome dormant and remain so for one year or more provided the balance is under' $100.00 — charge to apply from date of last entry. The prevailing activity charges shall apply and any change of activity charges as the bank may prescribe.
“In signing this card depositor agrees to.the rules of the bank governing joint accounts. ■
“Depositor further agrees that funds deposited in this account are owned jointly -by the undersigned, subject to¡. withdrawal by either, or both, and at the death of either, the survivor shall take absolute and single ownership df the net balance then remaining,”

. See Edgerly v. Schuyler, note 1, supra 113 So.2d at page 742: “The complaint does not set forth .an instrument in writing . governing the deposit. The check is such an instrument. However, the action is not upon the check' but arises because it is alleged that the bank acted improperly and used the check as a means of its improper action. Therefore, this action is based upon an implied contract to return the amount of money deposited in the bank by the depositor. Since the contract is not in writing the action is governed by the three year statute of limitations.” See also Fidelity National Bank of West Fort Lauderdale v. Valachovic, Fla.App.1964, 163 So.2d 33; 10 Am.Jur.2d, Banks, § 453; Annotation, 3 A.L.R.2d 809, 827, § 22; Annotation, 87 A.L.R. 344.