SHARP, Judge.
Five Hundred North Atlantic, Inc. appeals from a final judgment which deter *1265 mined that Ritter and Zona were entitled to a return of their $100,000.00 deposit made in connection with a real estate purchase, which failed to close. Ritter and Zona cross-appeal from that portion of the final judgment which denied them interest on the escrow deposit during the time that Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, P.A. held it in the form of a matured certificate of deposit.[1] We affirm the first portion of the final judgment and reverse the latter.
The evidence in this case was in conflict as to whether the sellers breached their duties under the purchase contract and as to whether the closing date on the contract was extended. The trial court concluded in favor of the purchasers, Ritter and Zona, on these points, and we cannot overturn its findings on appeal. Markham v. Fogg, 458 So.2d 1122 (Fla.1984); Deakyne v. Deakyne, 460 So.2d 582 (Fla. 5th DCA 1984).
However, the evidence in this case was clear that the escrow agent under the real estate purchase contract was obligated to handle the deposit in such a manner as to earn interest on the funds for the purchasers’ benefit. Paragraph 3 of the addendum to the contract provided:
If the deposit is made by the Assignment of the certificates of deposit, then upon the maturity date ... the escrow holder shall withdraw the funds ... and deposit such funds in an interest-bearing account.
It was undisputed at the trial that the certificate of deposit, on its face, had a maturity date of February 23, 1981. It was delivered to the escrow agent on January 15, 1981, together with a duly executed assignment. In addition, on March 15, 1981, the escrow agent received a letter from Sun Bank, the holder of the certificate of deposit, informing the agent that the $100,000.00 certificate had matured and that it was no longer earning interest. An official from the bank testified that the escrow agent could have redeemed the certificate the day after maturity, if it had presented the bank with its assignment. However, the escrow agent admitted it made no effort to put the funds into an interest bearing account prior to November 10, 1981.
The escrow agent’s only explanation for its failure to carry out the terms of its escrow agreement was that by March 15, 1981, it had received conflicting demands from the purchasers and sellers as to who was entitled to the deposit, and it felt caught in the middle of the dispute.
On November 10, 1981, after this suit was filed,[2] the escrow agent finally asked for the certificate of deposit, and the bank refused to turn over the funds to the agent. Eventually the trial court issued an order requiring the bank to release the funds to the escrow agent. Thereafter, from December 15, 1981, to October 15, 1983, the funds accrued interest, and the purchasers ultimately received the benefit of the interest earned during that time period.
We find no plausible evidence in the record to excuse the escrow agent from performing its duty to earn interest for the purchasers on the deposit after February-23, 1981, and through November 10, 1981, when the agent first attempted to assume control over the certificate of deposit and was refused by the bank. It clearly made no effort to perform its investment duties prior to that time. And there is no basis, other than speculation, to conclude that the bank would not have honored the assignment to the escrow agent prior to the time the instant lawsuit was filed. Further, mere knowledge on the part of the escrow agent of disputed claims to the deposit does not excuse the agent’s failure to place the funds in an interest-bearing account. It would not have had to turn the funds over to either claimant in order to comply with *1266 its duties under the escrow agreement. Compliance with the terms of an escrow agreement is generally required, and the failure to do so makes the escrow agent liable in damages. Armbruster v. Alvin, 437 So.2d 725 (Fla. 3rd DCA 1983), rev. denied, 450 So.2d 485 (Fla.1984); Tucker v. Dr. P. Phillips Co., 139 F.2d 601 (5th Cir.1943).
Accordingly., we affirm the judgment in all respects except for its disallowance of interest on the deposit from February 23, 1981 through November 10, 1981. We remand to the trial court for the purpose of determining and awarding interest during that time as additional damages due the appellees from the escrow agent.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
FRANK D. UPCHURCH, Jr., J., and GOSHORN, G.S., Associate Judge, concur.

. The law firm was one of the defendants sued by Ritter and Zona in this case.

. The complaint was filed in July of 1981 and the amended complaint was filed November 2, 1981.