The Franklin Life Insurance Company, an Illinois Corporation doing business in this State, v. Virginia Y. Tharpe, a widow.

179 So. 406.
(For Original Opinion see 178 So. 300, 130 Fla. 546.)
Division B.
Opinion Filed February 23, 1938

*Francis M. Miller,* for Appellant;

*Harry Gordon, Rosenhouse & Rosenhouse, Waller & Pepper* and *B. A. Meginniss,* for Appellee.

Per Curiam.—On second petition for rehearing it is contended that the cause of action under the policy did not

accrue within the five years period before suit. It has been brought to our attention that 37 Corpus Juris, page 968, par. 350, controls, and is, viz.:

"IGNORANCE AND CONCEALMENT OF CAUSE OF ACTION.— a. IGNORANCE IN GENERAL. Omitting at this place any consideration of the effect of a mistake, trust relations in general, or laches, and except where there has been secret fraud or fraudulent concealment ·on the part of the defendant, the rule is generally established that mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations, but the statutes will run from the time the cause of action first accrues notwithstanding such ignorance. The reason of the rule seems to be that in such cases ignorance is the result of want of diligence and the party cannot thus take advantage of his own fault. It is otherwise where the cause of action does not arise except upon ascertainment or knowledge of a particular fact, or where a demand is a necessary prerequisite to recovery and plaintiff is in no position to make demand until he has learned the facts. In one case the court declared: 'It cannot be said that a person should assert a right before he has knowledge of or is chargeable with knowledge of, the same; and this doctrine has been applied in miscellaneous cases cited in the subjoined note, and cases mentioned in several places in this title— despite the strong general rule hereinbefore stated—such cases being based perhaps upon the theory that the cause of action does not accrue until knowledge thereof is obtained. And requirement of knowledge is sometimes made by statute. In an action at law for conspiracy in violation of the Sherman Anti-Trust Act and governed by the law of limitations in Louisiana, it was held that until plaintiff discovered that it had a right of action—that is,

until it had knowledge of the conspiracy—prescription did not run against it. At any rate in most instances the burden of showing that the statute of limitations does not apply to a particular case is on the party who denies the bar of the statute."

While it is true that the insured died on March 26, 1926, and the beneficiary had no knowledge of the existence of the policy until it was found, and immediately thereafter, on November 26, 1930, gave notice of her rights under the policy, the excuse for the delay met the approval of the law and was sufficient to toll the statute. See 14 Ruling Case Law, page 1333, par. 504, and authorities cited in the original opinion.

It is next contended that the Court overlooked the legal duty of the insured under the terms of the policy to submit proof of his physical disabilities. The policy is dated March 21, 1923. The second premium matured in March, 1924. The insured in February, 1924, contracted LaGrippe or influenza, which immediately developed into pulmonary tuberculosis (of the type known as "galloping consumption") and he died on March 26, 1926. The evidence shows that he was almost helpless from the very day he contracted influenza. He was properly treated and the condition of his mind was shown by the attending physician. The insured went to Macon, Georgia, or was sent there, and remained for a time. He later went to the mountains of North Carolina and to Colorado in his effort to regain his health. We think there is ample testimony in the record to support the findings of fact as made by the Master and subsequently approved and confirmed by the final decree of the lower court.

Careful consideration has been given to each contention made on the part of the appellee for a rehearing in this

cause but we think substantial justice was awarded in the lower court and affirmed by the original opinion entered herein.

The second petition for a rehearing is denied and the original opinion entered herein is adhered to and reaffirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.