WHITE, Judge.
The defendant, Fidelity National Bank of West Fort Lauderdale, Florida, appeals a summary final judgment entered against it in an action for damages for conversion of a negotiable instrument, namely a check. The plaintiff is the New York appointed administratrix of the estate of Richard Valachovic.
The amended complaint alleged that one James Welch, a Fort Lauderdale attorney, was hired by the plaintiff to collect a debt owed to the decedent by Fidel Association of New York, Inc.; that in April, 1958 Fidel Association drew its check on Colonial Trust Company of New York in the amount of $1,404.16 payable to “Rose Valachovic, Administratrix of the Estate of Richard Valachovic, Deceased;” and the check was mailed to James Welch in Fort Lauderdale. Plaintiff further alleged that one John Huskins, an associate of attorney Welch, endorsed the check “John Huskins, attorney for Rose Valachovic Admx. estate of Richard Valachovic De’d.”' and deposited it to the account of James Welch in the defendant bank without authority of the plaintiff.
Plaintiff further averred that the defendant bank placed the check in ordinary channels for collection; that the check was paid by the drawee bank; that the defendant placed the proceeds in the account of Welch, and that Welch used the funds for his own purposes. Plaintiff asserted that she had no knowledge of the foregoing facts until late in June 1958 when she received a letter from Fidel Association containing photostatic copies of the check showing the endorsements.
The defendant’s motion to dismiss the amended complaint was denied. The defendant’s ensuing answer denied material portions of the amended complaint and alleged three affirmative defenses:
“Without admitting that the Defendant wrongfully took sums of money from the Plaintiff and without waiving the defense available to it under its general Answer set out in the foregoing, the Defendant states that even if the Plaintiff should establish by a preponderance of evidence the allegations contained in said Amended Complaint, still the Plaintiff should not recover against this Defendant by reason of the following:
“1. The Defendant alleges that the Plaintiff discovered the improper endorsement as alleged on the check which is the subject matter of this suit *35 on or before the 21st day of June, 1958, but notwithstanding this neither the Plaintiff nor anyone on her behalf notified the Defendant of such alleged improper endorsement or lack of authority on the part of the endorser, nor gave any notice thereof to the Defendant, and it was not until the institution of this suit that the Defendant was advised of such facts and of the claim against it as set out in the Amended Complaint. The Defendant alleges that the negligence of the Plaintiff in failing to give prompt and reasonable notice of such improper endorsement or lack of authority of the endorser to this Defendant and of the claim of the Plaintiff against the Defendant have prevented the Defendant from taking proper steps to protect itself or to secure restitution from the alleged improper endorser and/or the depositor. This defendant therefore alleges that such negligence of the Plaintiff is a complete defense to the claim of the Plaintiff against the Defendant.
“2. This Defendant realleges the matters set forth in Paragraph 1 immediately preceding this paragraph and further alleges that by reason of the failure of the Plaintiff to give to this Defendant prompt and reasonable notice of the alleged improper endorsement and lack of authority on the part of the endorser and the long period of time which has elapsed between the discovery of such improper endorsement and the institution of this suit, that the Plaintiff has been guilty of laches and the Plaintiff is therefore not entitled to the judgment prayed for.
“3. The Defendant further alleges that the claim of the Plaintiff against this Defendant set out in the Plaintiff’s Amended Complaint did accrue more than three years before the commencement of this action and is therefore barred by the provisions of Chapter 95.11(5) (e) Florida Statutes.”
The trial court granted plaintiff’s motion to strike the foregoing affirmative defenses and entered summary judgment for the plaintiff.
The defendant’s second point on appeal is determinative. Under this point the defendant contends that the plaintiff’s action was barred by the three year limitation as pleaded in the foregoing affirmative defenses;[1] that although the plaintiff learned of the irregularity in the endorsement of the check during June 1958, she failed to notify the defendant until June 1962, almost four years later, which notice was conveyed by means of the complaint. The plaintiff contends, on the other hand, that her action was properly within the five year limitation of § 95.11(3) [2] pertaining to action founded upon an instrument of writing.
The conclusion here is that the statute of limitations began to run when the plaintiff discovered the irregular endorsement and that the applicable limitation was “within” three years of such discovery. Edgerly v. Schuyler, Fla.App.1959, 113 So. 2d 737; Metcalf v. Johnson, Fla.App.1959, 113 So.2d 864.
*36 In Edgerly v. Schuyler, supra, action was brought against the purported makers of a promissory note who denied execution of the note. The plaintiff had drawn a check payable to the order of the ostensible maker of the note to whom he previously had made loans, the said check being the consideration for the note in question. The drawee bank, which was added as a party defendant, allegedly had honored and paid the check on a forged endorsement to some person unknown to the plaintiff. The bank asserted defensively that (1) the plaintiff had failed to give notice of the forged endorsement as required by Fla.Stat. § 659.37 F.S.A. and (2) the plaintiff had failed .to commence action within the applicable period of limitation. The appellate court said:
“Although appellee contends that either § 95.11(3) or (4) is the pertinent general statute of limitations governing this action, we conclude that the proper provision of the statute of limitations to be applied is § 95.11(5) (e)', Fla.Stat., F.S.A. The complaint does not set forth an instrument in writing governing the deposit. The check is such an instrument. However, the action is not upon the check but arises because it is alleged that the bank acted improperly and used the check as a means of its improper action. Therefore, this action is based upon an implied contract tó return the amount of money deposited in the bank by the depositor. Since the contract is not in writing the action is governed by the three year statute of limitations. Under a certain factual situation a depositor may allege an express oral contract between himself and the bank, or under another, a written instrument setting forh [sic] the promise of the bank. In this last mentioned case section 95.11 (3) would apply. A ‘deposit’ as a banking transaction, denotes a contractual relation between the depositor and bank with the implied or express agreement on the part of the bank that the deposit will be paid out on the order of the depositor or returned to him upon demand.” (emphasis added)
The Third District Court of Appeal in the Edgerly case reversed judgment for the defendant and remanded for further proceedings because the record revealed no evidence that the forgery was discovered or reasonably should have been discovered before the beginning of the three year period of limitation. The quoted language, however, correctly states the general principle and rule applicable here. The case, incidentally, was considered and affirmed by the Supreme Court of Florida on certification. See Miami Beach First National Bank v. Edgerly, Fla.1960, 121 So.2d 417, at page 420, 82 A.L.R.2d 927, wherein the Supreme Court said:
“Further, we think that the district court was correct in holding that § 95.-11(5) (e), F.S.A., is the applicable statute of limitations for the reasons expressed in its able opinion.”
The present case, as in the Edgerly case, is not founded upon an instrument of writing but upon a conversion of funds paid on an allegedly unauthorized endorsement. Inasmuch as the action was begun nearly one year after the applicable three year limitation had run, the affirmative defense to that effect should not have been stricken. It is not necessary to discuss any other point on appeal.
Reversed.
ALLEN, Acting C. J., and HODGES, JOHN G., Associate Judge, concur.

. Section 95.11, Ma.Stat., F.S.A., provides as follows:
“Actions other than those for the recovery of real property can only be commenced as follows: * * *
“(3) Within five years. — An action upon any contract, obligation or liability founded upon an instrument of writing not under seal.
“(4) Within four years. — Any action for relief not specifically provided for in this chapter.
“(5) Within throe years. — * * * (e)
And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts.”

. See footnote 1.