192 So.2d 540 (1966)
Harla Mae HOUSTON, Individually, and Betty Lee Houston, a Minor, by Her Next Friend and Natural Guardian, Charla Mae Houston, Appellants,
v.
FLORIDA-GEORGIA TELEVISION COMPANY, Inc., a Florida Corporation, Appellee.
No. H-44.
District Court of Appeal of Florida. First District.
December 8, 1966.
*541 Victor E. Raymos, Jacksonville, for appellants.
Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
CARROLL, DONALD K., Judge.
The plaintiffs in an action for invasion of privacy have appealed from a summary final judgment entered by the Circuit Court for Clay County in favor of the defendant, a television company.
The sole question presented for our determination in this appeal is whether the Circuit Court, under the circumstances shown by the record, correctly held that the plaintiffs' action was barred by the statute of limitations. The more specific and the ultimate question before us is whether in an action for invasion of privacy the statute of limitations begins to run from the time the invasion was committed or from the time when the plaintiffs first learned of the invasion. In their appellate briefs both parties submit, and we agree, that the point on appeal here makes this a case of first impression in this state.
On May 15, 1965, the plaintiffs, a minor female child and her mother as next friend and natural guardian, filed their complaint against the defendant, Florida-Georgia Television Company, Inc., a corporation, the owner and operator of television station WFGA-TV, Channel 12, alleging that on November 3, 1960, at about 3 P.M., Internal Revenue agents of the United States conducted a moonshine raid in a building located on land adjoining certain premises owned by the plaintiff mother, pursuant to a search warrant issued by the U.S. *542 Commissioner; that the plaintiffs at that time and place were on the back porch of the home on the said premises when the defendant, through its servants, agents, and employees, trespassed upon the said premises without the plaintiffs' consent and photographed the plaintiffs with a television camera and later in the day produced and released to the television audience a news telecast showing the plaintiffs on the back porch accompanied by a spoken narrative describing the moonshine raid and mentioning that the plaintiff mother "watched from inside and the porch as the destruction went on at the nearby barn for over an hour." The plaintiffs claimed in their complaint that the defendant, by its said acts, violated their right of privacy and each demanded judgment in excess of $25,000.
To the plaintiffs' complaint the defendant filed its answer, denying many of the allegations of the complaint. Among other defenses in its answer, it affirmatively invoked the statute of limitations in bar of the cause of action, saying that the alleged cause of action "did not accrue within four years prior to the commencement of this action." The defendant then filed a motion for summary judgment on the principal ground that the pleadings affirmatively show that the cause of action is barred by the statute of limitations, which motion was granted by the Circuit Court in the final judgment appealed from herein.
In order to overcome the defendant's aforementioned defense of the statute of limitations, the plaintiffs filed counter-affidavits stating, among other things, that their first notice of the said telecast over the defendant's television station was on or about June 10, 1961, which date is, of course, less than four years before the plaintiffs' action was filed.
Thus the issue was drawn by the parties as to whether in an action for invasion of privacy the statute of limitations begins to run from the time the invasion was committed or from the time the plaintiffs first learned of the invasion. There is no dispute in this appeal as to the fact, and we so hold, that the four-year statute applies to an action of this kind.
The statutory provision applicable to actions like the present one for invasion of privacy is subdivision (4) of Section 95.11, Florida Statutes, F.S.A., providing that actions other than for the recovery of real property "can only be commenced * * * WITHIN FOUR YEARS.  Any action for relief not specifically provided for in this chapter." An action for invasion of privacy is not specifically provided for or referred to elsewhere in Chapter 95. The said subdivision contains no reference to the time when the said four-year period begins to run, but it is noted that subdivision (5) (d) of Section 95.11 provides that in an action for relief on the ground of fraud, the cause of action is "not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud * * *." No similar provision for the postponement of the beginning of the limitations period is found in Section 95.11 and made applicable to actions other than for fraud. The reason for making such an exceptional provision in cases of fraud is obvious, for oftentimes fraud involves a concealment and it would be unjust to allow the period to run while the fact of the fraud may be concealed from the injured party by the perpetrator of the fraud.
Since the statute of limitations (Section 95.11(4) applicable to actions for invasion of privacy does not provide that the four-year period begins only when the injured party obtains knowledge or notice of the invasion, the burden is upon the appellants to demonstrate that, under the decisional law and in the absence of such a postponement provision in the statute, such a provision should be read into the statute of limitations. The cases from other jurisdictions which are cited by the appellants in their brief in support of their contention *543 are, as the appellees point out in their brief, cases involving concealment of the facts giving rise to the causes of action  in which circumstances, as we mentioned above, it seems just to postpone the commencement of the limitations period until knowledge is brought home to the injured party. In the present case, of course, there was no concealment of the invasion by the defendant  in fact, there was almost the opposite of a concealment  the telecasting of pictures on a news program over a television station.
While no Florida decision has been found adjudicating the precise question before us in this appeal, the general rule recognized by the Supreme Court of Florida in Franklin Life Ins. Co. v. Tharpe, 131 Fla. 213, 179 So. 406 (1938), is applicable to the present question. In that case the Supreme Court quoted with apparent approval the following statement from 37 Corpus Juris, Limitations of Actions, page 969, par. 350:
"Ignorance and Concealment of Causes of Action  a. Ignorance in General. Omitting at this place any consideration of the effect of a mistake, trust relations in general, or laches, and except where there has been secret fraud or fraudulent concealment on the part of the defendant, the rule is generally established that mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations, but the statutes will run from the time the cause of action first accrues notwithstanding such ignorance. The reason of the rule seems to be that in such cases ignorance is the result of want of diligence and the party cannot thus take advantage of his own fault."
To the same general effect see 21 Fla.Jur., Limitations of Actions, Section 37, pages 194 and 195.
In support of their position in this appeal, the appellees have cited to us several cases involving libel and slander from other jurisdictions, which types of action, we agree, are closely analogizable to the cause of action involved in the instant appeal  "publication" by television so to speak. One of the best of such cases is the decision of the Supreme Court of Mississippi in Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344, 148 A.L.R. 469, an action of libel, in which that court said:
"There seems to be no doubt that the statute of limitations begins to run from the date of the first publication * * * Since the gravamen of the offense is not the knowledge by the plaintiff nor the injury to his feelings but the degrading of reputation, the right accrued as soon as the paper was exhibited to third persons in whom alone such repute is resident."
As mentioned early in this opinion, the present action was filed more than four years after the defendant's telecast which is the subject of this action. Since we have held that the four-year statute of limitations is applicable to this action and since the defendants properly invoked that statute as an affirmative defense in their answer to the plaintiffs' complaint, we hold that the Circuit Court correctly entered the summary final judgment appealed from herein. That judgment, therefore, must be and it is
Affirmed.
RAWLS, C.J., and WIGGINTON, J., concur.