PER CURIAM.
The trial court’s Summary Final Judgment, from which this appeal is taken, provides, in pertinent part:
“The Florida Bar, Plaintiff herein, seeks a summary final judgment against Defendant, Southeast First National Bank of Miami. The signature of the payee to a check was forged by his Florida attorney. The Defendant paid the check bearing the forged endorsement to the attorney who converted the funds to his own use. The payee filed a claim with the Plaintiff and received payment of $4,300 from the Client’s [sic] Security Fund *1223 maintained by The Florida Bar pursuant to Article XVII of the Integration Rule. Payee executed and delivered to Plaintiff an Assignment and Subrogation Agreement .... The Integration Rule specifically authorized the Plaintiff to take assignments of causes of action as a condition to payments from the security fund. Plaintiff seeks to recover from the Defendant the $4,300 it paid to the payee. The payee would be entitled to recover from the Defendant for conversion of the check as a result of its payment on a forged and unauthorized endorsement. Fla.Stat. 673.3-419(l)(c) [sic]. See Fidelity National Bank v. Valachovis, 163 So.2d 33 (Fla. DCA 2 1964) [sic]. Ergo, Plaintiff as assignee of the payee’s cause of action, is entitled to recover from Defendant the sum of $4,300 which is the amount of the actual loss sustained by payee. (The check was in the sum of $5,000.). There is no proof that the payee was negligent. (Assuming, arguendo this would constitute a defense.) There is no genuine issue of a material fact. The Defendant contends, inter alia, that the Article XVII of the Integration Rule and Article XVI of the By-Laws of The Florida Bar, concerning the Clients’ Security Fund, are unconstitutional as violative of the equal protection and due process clauses of the United States and State of Florida Constitutions. The Court rejects this argument as being without merit. I find that Plaintiff is entitled to a summary final judgment as a matter of law.... ”
We affirm the judgment of the trial court. The Florida Bar Integration Rule, article XVII, section 1 (the Rule), does not, as Southeast contends, limit The Florida Bar to proceeding only against an offending attorney. The Rule, amended in 1970, reads, in pertinent part:
“The Florida Bar or its Board of Governors may take assignments of the causes of action of claimants as a condition to said payments.”
The 1966 version of the same Rule provided:
“The Florida Bar shall exert every reasonable effort to recover from the offending lawyer such amounts as shall have been paid to a client on any claim against such lawyer.” (emphasis supplied).
Any doubt about the intended scope of the Bar’s recovery rights under the 1970 Rule is resolved by comparison with the former rule. It is abundantly clear that the Bar may seek to recover, under the assignment received from a claimant to whom it has made payment, on any cause of action which would have been available to the claimant-assignor.
Southeast’s reliance upon the Florida Bar Integration Rule By-laws, article XVI, section 4(e), which provides:
“As a condition precedent to the grant of monetary relief, the applicant shall make an assignment in favor of the Bar of the subrogation rights or the judgment or decree . . . obtained by the applicant against the offending member or members . . . .” (emphasis supplied),
is similarly unavailing. The By-law was enacted in 1966 prior to the present version of the controlling Integration Rule. Florida Bar Integration Rule, article VII, requires that by-laws, which are adopted by the Bar’s Board of Governors pursuant to the Rule, be consistent with the Rule. Thus, even if, arguendo, this By-law were read to mean, as suggested by Southeast, that only subrogation rights against the offending attorney are assignable, the Rule which, as we have stated, is not so limited, would control.[1]
We reject Southeast’s arguments that its constitutional rights to equal protection and due process are violated by the Rule, which permits the Bar in its unbridled discretion to seek recovery against Southeast, itself a victim of the actions of the offending attorney. Reimbursement to claimants from the Clients’ Security Fund are a matter of grace, not of right or obli *1224 gation. The decision to pay a claimant and the decision to sue on an assignment are within the sole and unfettered discretion of the Bar. No cognizable constitutional right of Southeast’s is affected by the Bar’s exercise of its prerogative to proceed against Southeast. Cf. Bell v. State, 369 So.2d 932 (Fla.1979) (no denial of equal protection by prosecutor’s decision to prosecute some but not other participants in crime); Sullivan v. Askew, 348 So.2d 312 (Fla.), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977) (no constitutional right of prisoner seeking clemency from death sentence is offended by the unrestricted discretion vested in the executive); Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), and Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (neither the prosecutor’s discretion in the decision to charge one with a capital offense or to accept a plea to a lesser offense, nor the executive’s discretion to commute a death sentence offends the Constitution); Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) (the conscious exercise of selectivity in enforcing a criminal habitual offender statute, not based on an arbitrary classification, does not offend the equal protection clause).
Affirmed.

. The Bar suggests that the By-law is consistent with the Rule and contemplates the assignment of subrogation rights against anyone and judgment against attorneys. Such a reading would make the By-law consistent with the Rule, but we need not reach this issue.