PER CURIAM.
We reverse the trial court’s dismissal with prejudice of appellant’s complaint for libel and slander. The trial court held that on the face of the complaint it was apparent that the cause of action was barred by the statute of limitations. However, the trial court was not apprised of our recent decision in Flanagan v. Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., 594 So.2d 776 (Fla. 4th DCA), juris, accepted, 605 So.2d 1268 (Fla.1992), in which we adopted the “blameless ignorance” rule to postpone the operation of the statute of limitations where the publication of the libel is not discovered by the injured party at the time of publication.
While it is true that ‘mere ignorance of the facts which constitute the cause of action will not postpone the operation of the statute of limitations,’ Franklin Insurance Co. v. Tharpe, 131 Fla. 213, 214, 179 So. 406, 407 (1938), it is equally true that where the plaintiff’s ignorance is blameless, the cause of action will not arise until the plaintiff knows or is chargeable with knowledge of an invasion of his legal right, Miami Beach First National Bank v. Edgerly, 121 So.2d 417 (Fla.1960).
In this case the complaint alleged that appellant had only recently discovered the libel which was contained in a report to the Florida Parole Commission. Appellant was only given a copy of the report after suing the Commission for violation of his civil rights. We do not pass on these allegations, as they must be taken as true for purposes of a motion to dismiss. See e.g. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla.1956). From the face of the complaint it appears that appellant’s failure to discover the libel was not from any lack of diligence on his part, thus invoking the doctrine of Flanagan and postponing the running of the statute of limitations.
We therefore reverse and remand for reinstatement of the complaint and for further proceedings thereon.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.