619 So.2d 406 (1993)
Harry GROSSMAN, et al., Appellants,
v.
Martin F. GREENBERG, et al., Appellees.
No. 92-568.
District Court of Appeal of Florida, Third District.
June 1, 1993.
Rehearing Denied July 13, 1993.
*407 Keith, Mack, Lewis, Cohen & Lumpkin, and Norman S. Segall, Cynthia Perez, and R. Hugh Lumpkin, Miami, for appellants.
Roger A. Bridges, Coral Gables, for appellees.
Before BARKDULL, JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Harry Grossman, Milton Males, and Susan Lynn Fineman, as trustee under the Hortense Grossman testamentary trust, appeal from a final judgment establishing a constructive trust and from a final judgment against Males and Grossman. We affirm the final judgment establishing the constructive trust, affirm the final judgments against Grossman and Males as to liability, but reverse the final judgments as to damages and remand for a new trial on damages only.
Kismet Apartments, Ltd. is a limited partnership composed of six general partners and more than thirty limited partners. Grossman and Bodne were general partners in the Kismet partnership. On behalf of Kismet, four of the general partners sued Males, Grossman, Barry Rubin, and Michael Bodne for breach of fiduciary duty, fraud, civil theft, and conspiracy. In addition, the general partners sought an injunction and a constructive trust. Grossman, Bodne, and Rubin, a real estate broker with Real-Way Realty, contracted to sell partnership property to a strawman, Males, to inflate the price and then sold the property to a real buyer, Richard Swirnow. Grossman as an associate salesman with Real-Way Realty would receive fifty percent of the sales commission. Grossman, Bodne, and Rubin failed to disclose the sales commission and secretly divided a $450,000 note and mortgage received by Males.
The parties closed the agreement on August 29, 1979. Kismet received a $3,120,000 note and mortgage. Rubin received $150,000 as a brokerage commission.[1] *408 Rubin also received part of a $150,000 consulting agreement which Swirnow had agreed to pay the brokers. Males received his note and mortgage of $450,000 of which Bodne, Rubin, and Grossman each received thirty percent. Males retained ten percent.
In 1984, Grossman transferred his entire interest in the partnership, as well as his interest in the Males note and mortgage to his wife, Hortense Grossman. Grossman also withdrew from the partnership. During a meeting in June 1989, the general and limited partners became aware of the improprieties of the transaction, and on June 28, 1989, brought the present action. The trial court granted a temporary injunction directing that all payments on the note be made to Karl M. Sachs, a general partner, and that all future payments under the Males note be made to Kismet.
Bodne and Rubin settled before trial. At the trial, the court directed a verdict against Grossman on the issue of breach of fiduciary duty and civil theft as to the sales commission and Males' note. The jury returned a verdict against Grossman and Males on several counts but found that neither Grossman nor Males conspired to cause Kismet to pay a sales commission in excess of the one specified for in the sales contract, i.e., the $150,000 reduction in prepaid interest. The trial court entered a final judgment establishing a constructive trust in the amount of $450,000 but awarded $35,000 of the note's principal to Real-Way Realty as a result of a settlement approved by the court. The trial court entered judgment based upon only two portions of the jury verdict: the total amount of "compensation" received by Grossman from Rubin or Real-Way Realty ($228,334) and the finding of fraud against Grossman ($600,000) and Males ($600,000). The trial court entered a final judgment against Males for $1,320,600 and a final judgment against Grossman for $2,051,405.
The appellants raise several arguments on appeal; one merits discussion. The appellants argue that the statute of limitations bars the causes of action against them. We disagree. Although this action was brought ten years after the sales transaction, section 95.11(3)(j), Florida Statutes (1991), does not bar the causes of action against the appellants. The statute of limitations does not begin to run where there has been a fraud or a fraudulent concealment. Nardone v. Reynolds, 333 So.2d 25, 34 (Fla. 1976); Franklin Life Ins. v. Tharpe, 131 Fla. 213, 179 So. 406 (1938). In this case, there was a secret fraud carried out by Grossman, Bodne, Rubin, and Males. With the help of Males and without the knowledge of the other partners, Grossman received a sales commission and part of the Males note.
Contrary to Grossman's contention, he had a fiduciary duty to give notice to the other partners of any profit derived by him without the consent of all the partners. Section 620.66, Fla. Stat. (1991)[2]; see Marsh v. Gentry, 642 S.W.2d 574 (Ky. 1982) (partner violated good faith duty by withholding from other partner fact that he was the true buyer of the partnership property); Starr v. International Realty, Ltd., 271 Or. 396, 533 P.2d 165 (1975) (partner breached his fiduciary duty by failing to acquire the consent of all partners to receive a sales commission); Band v. Livonia Assoc., 176 Mich. App. 95, 439 N.W.2d 285 (1989) (partners had duty to disclose to all the other partners fact that they received profit from sale). Grossman's duty to notify the other partners did not end when he withdrew from the partnership. See Nardone v. Reynolds, 538 F.2d 1131, 1136 (5th Cir.1976); First Federal Savings & Loan Ass'n v. Dade Federal Savings & Loan Ass'n, 403 So.2d 1097, 1100 (Fla. 5th DCA 1981). Moreover, Bodne's knowledge of the underlying facts of the transaction cannot be imputed to the partnership. Section 620.615, Florida Statutes (1991), imputes the knowledge of one partner to the *409 other partners except in cases of fraud on the partnership. The statute of limitations was tolled until June 1989 when the other partners discovered the improprieties of the transaction. We therefore affirm the final judgment on the constructive trust and the final judgments against Grossman and Males as to liability.
We remand for a new trial on the damages because we find the jury verdict inconsistent and the jury's intent cannot be determined from the verdict. See Chabad House-Lubavitch of Palm Beach County, Inc. v. Banks, 602 So.2d 670 (Fla. 4th DCA 1992); Spitz v. Prudential-Bache Securities, Inc., 549 So.2d 777 (Fla. 4th DCA 1989). For example, the jury awarded $228,334 as the total amount of "compensation" received by Grossman from Rubin or Real-Way Realty. The evidence indicates that Rubin received a total of $207,500 from the transaction. The maximum Grossman could have received was one-half, $103,750. It is uncertain what the intent of the jury was in making an excess award. Moreover, although the jury found that there had been no excess commission, i.e., the reduction in prepaid interest, the jury found that the total damages for fraud were $600,000, which included $450,000 for the note and presumably $150,000 for the commission. The jury's finding is inconsistent and constitutes an improper double recovery because the commission had already been awarded as part of the total compensation received by Grossman. Raben Builders, Inc. v. First American Bank & Trust Co., 561 So.2d 1229 (Fla. 4th DCA), rev. denied, 576 So.2d 290 (Fla. 1990); Kingswharf, Ltd. v. Kranz, 545 So.2d 276 (Fla. 3d DCA), rev. denied, 553 So.2d 1165 (Fla. 1989).
Affirmed in part, reversed as to damages, and remanded for a new trial on damages only.
NOTES
[1] Originally the commission was $300,000. However, after several limited partners complained about the excessive commission, a modification agreement was signed reducing the sales commission to $150,000 and the prepaid interest payable to Kismet by $150,000.
[2] Where the Florida Revised Uniform Limited Partnership Act (1986) does not provide for a particular situation, the Uniform Partnership Act governs except where the statutes are inconsistent. Section 620.186, Fla. Stat. (1991); § 620.585(2), Fla. Stat. (1991).