**IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
AT JACKSON**

_____

|   |   |   |
|---|---|---|
| **WALTER L. WALSH, JR. and PREMIER PROPERTIES PARTNERSHIP, a Tennessee General Partnership**, | ) ) ) ) | Shelby County Chancery Court No. 104730-2 R.D. |
| Plaintiffs/Appellees. | ) ) ) | |
| VS. | ) ) | C.A. No. 02A01-9703-CH-00051 |
| **BA, INC. f/k/a MEDICAL DEVICES, INC., a Tennessee Corporation, ALAN C. FITZPATRICK and BEVERLY R. FITZPATRICK**, | ) ) ) ) ) ) | |
| Defendants/Appellants. | ) ) | |

FILED

October 16, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Chancery Court of Shelby County at Memphis.
**Honorable Floyd Peete, Jr., Chancellor**

**Timothy A. Ryan, III**, Memphis, Tennessee
Attorney for Defendants/Appellants.


**Robert E. Orians**, MARTIN, TATE, MORROW & MARSTON, P.C., Memphis, Tennessee
Attorney for Plaintiffs/Appellees.

OPINION FILED:

**REVERSED AND REMANDED**


                                    **FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Defendants Alan C. Fitzpatrick and Beverly R. Fitzpatrick appeal the trial court's order which granted the motion for summary judgment filed by Plaintiffs/Appellees Walter L. Walsh, Jr., and Premier Properties Partnership and which awarded the Partnership a judgment of $38,500 on its claim for breach of fiduciary duty against the Fitzpatricks. We reverse the trial court's judgment based on our conclusion that a genuine issue of material fact exists as to whether the Fitzpatricks breached their fiduciary duty to the Partnership when they amended a Partnership lease without the consent of all the partners.

Walsh and the Fitzpatricks formerly owned Medical Devices, Inc., a medical supply business. Walsh and the Fitzpatricks also were partners, along with Calvin V. Howell, in Premier Properties Partnership. The Partnership owned the building in which Medical Devices' business was located. Pursuant to a lease agreement entered into between the Partnership and Medical Devices in January 1992, Medical Devices agreed to pay a monthly rental of $5250 for a period of four years; however, the agreement permitted Medical Devices to cancel the lease at any time by providing sixty (60) days written notice of cancellation. Walsh, as the managing partner, executed the lease on behalf of the Partnership.

In 1993, Walsh transferred his ownership interest in Medical Devices to the Fitzpatricks. Thereafter, Walsh became an employee of Medical Devices pursuant to a written employment contract.

In March 1994, the Fitzpatricks sold Medical Devices to ServiceMaster Limited Partnership for a consideration of $1.96 million. In connection with this transaction, the Fitzpatricks, without Walsh's or Howell's consent, renegotiated the lease between Medical Devices and Premier Properties Partnership. On behalf of both the Partnership and Medical Devices, Alan Fitzpatrick executed an amendment to the lease which reduced the monthly rental to $3,500 and extended the term of the lease to February 28, 1999. As amended, the lease permitted Medical Devices, now owned by ServiceMaster, to cancel the lease upon six (6) months written notice.

In October 1994, Walsh, on behalf of the Partnership, filed a complaint for breach of fiduciary duty against the Fitzpatricks. The Plaintiffs contended that the Fitzpatricks, by

renegotiating the Medical Devices lease without the consent of the other partners, violated Tennessee Code Annotated section 61-1-120(a), which provides that:

> Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

T.C.A. § 61-1-120(a) (1989).

Shortly after the Plaintiffs filed this lawsuit, the Fitzpatricks and Howell removed Walsh as managing partner and voted to make Howell the new managing partner. Howell then signed a consent form in which he agreed to the renegotiation of the Medical Devices lease.

The Plaintiffs subsequently moved for summary judgment on their claim for breach of fiduciary duty against the Fitzpatricks. The trial court granted the Plaintiffs' motion and entered a judgment of $38,500 in favor of the Partnership. This appeal followed.[1]

We agree with the Fitzpatricks' contention on appeal that summary judgment was improperly granted in this case because a material issue of fact exists as to whether the Fitzpatricks breached their fiduciary duty to the Partnership. A summary judgment is appropriate only when (1) the record before the trial court contains no genuine issue as to any material fact, and (2) the moving party has demonstrated that it is entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). After carefully reviewing the record that was before the trial court, we conclude that a genuine issue of material fact exists as to whether, in renegotiating the Medical

---

[1]Walsh, individually, also asserted a claim for breach of employment contract against the Fitzpatricks' new company, BA, Inc., and the trial court denied Walsh's motion for summary judgment as to that claim. In granting the Plaintiffs' motion for summary judgment against the Fitzpatricks, the trial court directed that a final judgment be entered as to the breach of fiduciary duty claim. *See* T.R.C.P. 54.02.

Devices lease on behalf of the Partnership, the Fitzpatricks benefited from the transaction to the detriment of the Partnership.[2]

In moving for summary judgment, the Plaintiffs pointed to the following evidence that the Fitzpatricks personally benefited from the transaction to the Partnership's detriment. ServiceMaster's letter of intent to purchase Medical Devices specified that its valuation of Medical Devices "was partly based on the representation by [Medical Devices] that a lease for the current facilities can be negotiated with [the Partnership] for at least five years for a monthly rental of approximately $3,500, cancelable by [ServiceMaster] with six (6) months notice." Similarly, the subsequent sale agreement executed between Medical Devices and ServiceMaster indicated that ServiceMaster's obligations under the agreement, at ServiceMaster's option, were subject to and conditioned upon Medical Devices entering into a new lease with the Partnership containing the renegotiated terms. Finally, the lease amendment itself provided that consummation of the transactions contemplated by the sale agreement was subject to the Partnership's execution of the lease amendment.

Despite this evidence, the Fitzpatricks testified by deposition that the $1.96 million sale price for Medical Devices was not contingent upon a renegotiation of the lease. Specifically, Alan Fitzpatrick testified that ServiceMaster still would have consummated the sale of Medical Devices and merely would have rented space elsewhere. He also testified that the original monthly rental of $5250 was inflated and that $3500 more closely matched the rental amounts that other tenants in the building were paying. Beverly Fitzpatrick corroborated this testimony, stating that the reduced rent was more in line with the rent of the other tenants and that, absent renegotiation of the lease, ServiceMaster would have moved the business elsewhere. She also testified that the Partnership's original lease with Medical Devices was structured so that Medical Devices was paying the Partnership's note on the building. In light of the inflated rental Medical Devices was paying, she believed that the renegotiation of the lease was in the Partnership's best interest because it

---

[2]By its terms, section 61-1-120(a) requires only that the Fitzpatricks have benefited from the transaction. *See* T.C.A. § 61-1-120(a) (1989). In applying this statute, however, our supreme court has indicated that a partner suing for breach of fiduciary duty also must show that the partnership was harmed by the transaction. ***Cude v. Couch***, 588 S.W.2d 554, 555-56 (Tenn. 1979).

ensured Medical Devices' continued tenancy in the building. In any event, Medical Devices could have canceled the original lease at any time merely by providing sixty (60) days written notice of the cancellation.

We conclude that the foregoing evidence creates a genuine issue of material fact as to (1) whether (and to what extent) the Fitzpatricks benefited from the renegotiation of the lease without Walsh's consent, and (2) whether (and to what extent) the Partnership was harmed by the transaction. Although the documentary evidence contained in the record strongly supports the Plaintiffs' contention that the purchase price for Medical Devices was based on renegotiation of the lease and, thus, that the Fitzpatricks personally benefited from the transaction, the Fitzpatricks have offered sworn testimony which directly contradicts the Plaintiffs' theory of recovery. Thus, we conclude that this testimony precluded the entry of summary judgment in favor of the Partnership.

In reversing the trial court's order granting summary judgment, we reject the Fitzpatricks' argument that the Plaintiffs cannot maintain a claim for breach of fiduciary duty under section 61-1-120(a) because a majority of the partners consented to the transaction whereby the Medical Devices lease was renegotiated. Under the Uniform Partnership Act, any partner has the right to a formal account as to partnership affairs as provided by section 61-1-120. T.C.A. § 61-1-121(3) (1989). By its terms, section 61-1-120(a) requires the consent of "the other partners" and not merely a majority of the partners. *See* T.C.A. § 61-1-120(a) (1989). Accordingly, despite the fact that the partnership agreement required only a majority vote of the partners for most Partnership actions, we conclude that the consent of three of the four partners did not preclude the Plaintiffs from maintaining this action against the Fitzpatricks. Our conclusion is supported by a decision of the Florida District Court of Appeal, which, in construing the same provision of the Uniform Partnership Act, has held that a transaction in which a partner benefits requires the consent of all the partners. ***See Grossman v. Greenberg***, 619 So. 2d 406, 408 (Fla. Dist. Ct. App.) (and cases cited therein), ***review denied***, 629 So. 2d 133 (Fla. 1993); ***see also Alizio v. Perpignano***, 576 N.Y.S.2d 213, 215-16 (N.Y. App. Div. 1991) (concluding that transaction constituted self-dealing and, thus, required consent of remaining partners).

The trial court's judgment is reversed and this cause remanded for further proceedings

consistent with this opinion. Costs of this appeal are taxed to the Appellees, for which execution

may issue if necessary.



_____

FARMER, J.



_____

CRAWFORD, P.J., W.S. (Concurs)



_____

LILLARD, J. (Concurs)